IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 20-cr-64-CKK |
| v. | |
| KENNETH COATES | |
| Defendant. | |

**GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE AND
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its undersigned counsel, respectfully submits this memorandum to assist the Court in fashioning an appropriate sentence for defendant Kenneth Coates. On March 12, 2020, the defendant pleaded guilty to one count of Major Fraud Against the United States, in violation of 18 U.S.C. § 1031. The charge stems from defendant's role in fraudulently recruiting linguists to serve with U.S. combat forces in Afghanistan that did not meet minimum language proficiency standards, in order to improperly obtain bonuses from his employer, Government Contractor #1. As calculated by the United States Probation Office, the defendant's Total Offense Level is 21, Criminal History Category III, resulting in an advisory guideline range of 46 to 57 months.[1] That offense level and guideline range, however, do not account for a downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines reflecting the defendant's substantial assistance to the government. Given the defendant's substantial assistance and other considerations set forth below, a sentence of probation is appropriate and warranted.

---

[1] The defendant's criminal history does not appear related to fraud or theft.

## I. BACKGROUND

The defendant was employed as a regional recruiting manager for Subcontractor #1, which had been engaged to recruit linguists qualified in Pashto and/or Dari to deploy with U.S. military forces in Afghanistan. The defendant directly supervised approximately four recruiters, and worked alongside a team of approximately six additional recruiters and managers, all of whom were implicated in the fraud scheme. From in or around January 2011 to in or around May 2012, the defendant and his co-schemers conspired to defraud the United States and to obtain recruiting and referral bonuses by, among other things, knowingly recruiting linguist candidates from around the United States who did not meet the minimum language proficiency standards in Dari, Pashto, and/or English, as required by Subcontractor #1's contract. The defendant and his co-schemers would then arrange for a surrogate, usually a third party, and in some cases themselves, to take proficiency tests on behalf of the linguist candidates who were unable to pass the tests on their own. The defendant and his co-schemers benefitted from the scheme in that they obtained recruiting and referral bonuses for the unqualified candidates that they recruited. Mr. Coates received approximately $69,250 in recruiting bonuses in 2011, and approximately $25,250 in recruiting bonuses in 2012. The government believes that most of these bonuses were obtained for unqualified linguist candidates.

## II. SENTENCING GUIDELINES

The United States Probation Office determined that the defendant's applicable Total Offense Level is 21, Criminal History Category III, resulting in an advisory guideline range of 46 to 57 months. Presentence Investigation Report ("PSR") ¶ 100.

The parties and the Probation Officer agree that the defendant is entitled to a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. The defendant clearly

demonstrated that he accepts responsibility through his allocution, adherence to every provision of the plea agreement, and his conduct between entry of his plea and sentencing. Furthermore, he assisted authorities by providing timely notice of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. Therefore, the United States moves the Court, under U.S.S.G. § 3E1.1(b), to grant the defendant an additional one-level reduction in the offense level for acceptance of responsibility.

The plea agreement did not include an agreement as to the Sentencing Guidelines. The government requests that the Court adopt the PSR's recommendation and find the defendant's Total Offense Level to be 21, Criminal History Category III, resulting in an advisory guideline range of 46 to 57 months. This offense level and guideline range, however, do not account for a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines reflecting the defendant's substantial assistance to the government. As set forth below, the government submits that the defendant merits a download departure and recommends that the Court impose a sentence of a term of probation.

### III. RELEVANT SECTION 3553(a) FACTORS

The Sentencing Guidelines discussed above are advisory in nature. *United States v. Booker*, 543 U.S. 220 (2005). However, they are one of the statutory factors that sentencing courts must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338 (2007). They serve as "the starting point and the initial benchmark" in every sentencing

proceeding, *Gall v. United States*, 552 U.S. 38, 49 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350.

As to the nature and circumstances of the offense, Defendant knowingly recruited interpreters that did not meeting minimum proficiency standards. His motive was financial, because he obtained bonuses from his employer based on the number of his recruits that were hired. Once hired, his recruits were transported, at government expense, to a training facility in Maryland, where they underwent additional language testing and then, if they passed, were deployed to Afghanistan to support U.S. combat forces there. These interpreters' deficient language skills were only discovered when the misconduct of defendant and his coconspirators came to light and interpreters in Afghanistan were re-tested.

The government's investigation did not reveal that the defendant appreciated the gravity of sending unqualified linguists to Afghanistan. The risk to a U.S. military unit of having an unqualified linguist is self-evident, but it also bears mentioning that the unqualified linguists themselves bore huge risks that they may not have fully appreciated as a result of the defendant's actions. The government has no evidence that U.S. military units were put in harm's way by unqualified linguists. Multiple unqualified linguists were, however, fired while in Afghanistan, and it is hardly speculative to imagine that one of these linguists could have put his or her unit in danger had the fraud not been uncovered.

The defendant's history and characteristics present mitigating circumstances that suggest defendant had an anomalous lapse of judgement that animated his misconduct. As detailed in the PSR, the defendant's criminal history score is III. Moreover, the defendant deserves credit for accepting responsibility and entering a plea of guilty in a timely fashion, and substantially assisting the government, as described further below.

4

## IV. MOTION FOR DOWNWARD DEPARTURE UNDER SECTION 5K1.1

The United States respectfully moves for a downward departure from the defendant's guideline range pursuant to Section 5K1.1 of the United States Sentencing Guidelines based on the defendant's substantial assistance to the government. Section 5K1.1 authorizes the Court to depart from the Sentencing Guidelines, upon motion of the government, based on factors, including but not limited to: "(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; [and] (5) the timeliness of the defendant's assistance." In this case, the government submits that the defendant merits a downward departure and recommends a sentence of a term of probation.

First, the defendant's assistance was significant and useful. *See* U.S.S.G. § 5K1.1(a)(1). In particular, the defendant met with the government multiple times and provided the government with useful information that implicated multiple former co-workers and his former employer. In the government's view, the defendant's assistance was instrumental assisting the government in prosecuting other defendants who have pled guilty before this court (United States v. Mustafa Neghat, No. 21-cr-89, United States v. Abdul Qurashi, No. 21-cr-78, United States v. David Shah, No. 21-cr-97), and it aided the government in charging six additional individuals involved in the scheme in the Eastern District of Virginia in United States v. Anwari, No. 1:21-cr-00085 (E.D. Va.) (dismissed for preindictment delay).

Second, the defendant cooperated extensively by providing information to the government over the course of multiple meetings and interviews, and was prepared to testify at trial in the

Eastern District of Virginia. The information that he provided to the government was at all times truthful, complete, and reliable.

Third, the defendant's agreement to plead guilty and cooperate were timely. Specifically, the defendant agreed to plead guilty after a single meeting with the government at which the government summarized its evidence against him. The defendant then promptly met with law enforcement and, over the course of multiple meetings, provided information related to multiple instances of alleged wrongdoing by others. The defendant's cooperation with the government likely saved the government considerable resources in his own prosecution and the investigation of other criminal wrongdoing.

## V.  CONCLUSION

For the foregoing reasons, the government respectfully moves this Court for a downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines and submits that a sentence of probation is appropriate and warranted.

        Respectfully submitted,

        JOSEPH BEEMSTERBOER
        Acting Chief, Fraud Section
        Criminal Division
        United States Department of Justice

By:   */s/ Michael P. McCarthy*
        Michael P. McCarthy, D.C. Bar #1020231
        Matt Kahn, Fla. Bar #0072032
        Trial Attorneys, Fraud Section
        Criminal Division
        United States Department of Justice
        1400 New York Avenue, N.W.
        Bond Building, Fourth Floor
        Washington, D.C. 20530
        (202) 412-1514
        Michael.McCarthy2@usdoj.gov

## CERTIFICATE OF SERVICE

On May 17, 2022, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

*/s/ Michael P. McCarthy*
Michael P. McCarthy
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice
