UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | USDC No. 20-cr-64 (CKK) |
| ) | |
| Kenneth Coates,   *defendant*. ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, submits this memorandum to aid him at sentencing on May 25, 2022, when he appears before the Court for his sentencing hearing.

1. Defendant entered a plea of guilty on March 12, 2020, to a criminal Information charging one count of Major Fraud Against the United States, in violation of 18 U.S.C. §1031. It carries a maximum term of imprisonment of ten (10) years, a fine of up to 1$1,000,000; a term of supervised release up to three (3) years, and a $100 special assessment. (Presentence Report ["PSR"], page 3, ¶4)

2. The PSR calculates the defendant's sentencing range under the U.S. Sentencing Guidelines at 46-57 months, based on a total offense level of 21 and criminal history calculation of Category III.

3. The defendant provided substantial assistance to the government in its investigation of fraud in the hiring of interpreters to assist U.S. armed forces in Afghanistan. Defendant worked for a subcontractor that supplied interpreters to the armed forces. He received not only a salary but also commissions or bonuses based on a candidate's successful taking of proficiency tests in Dari, Pashto, or English, or combinations of the three. Recruiters, whom the defendant oversaw

as a manager for the subcontractor, would take tests for candidates who did not appear to be proficient in the needed language(s).  This resulted in the hiring of interpreters deficient in the skills they needed in order to perform their jobs.  The defendant profited in a two-year period from the scheme, over and above receiving his base salary, in the amount of approximately $94,500.

4. The defendant's cooperation included taking part in at least two lengthy debriefings by the government and agreeing to cooperate unconditionally in the prosecution of others implicated in the scheme.  To that end, he agreed to testify, as needed, either before a grand jury or at trial.  He met with investigators and prosecutors in the Eastern District of Virginia to prepare for his anticipated trial testimony for a case scheduled there before the Hon. Leonie H.M. Brinkema, United States District Judge (EDVA).   Only Judge Brinkema's dismissal with prejudice of the case against the defendants in that case prevented the defendant from keeping his commitment to testify, in open court, against others involved in the scheme and to take responsibility publicly for his crime.

5. As further evidence of his commitment, the defendant has chosen not to move to withdraw his plea of guilty following the dismissal of the case against others.  He recognizes his own criminal responsibility in this matter. [1]  He is satisfied that he has been treated fairly by the government and the Court.

6. The government has filed in the instant case a motion under USSG 5K1.1 for a departure from the sentencing guidelines.

7. The Court must consider, under 18 U.S.C. §3553(a) the following factors:

---

[1] The charge under §1031 does not carry a mandatory minimum term of imprisonment, hence it is not necessary for the government to file a departure motion under 18 U.S.C. §3553(e).

(a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….

  8. The defendant is confident that with the information already submitted, the Court already has a considerable understanding of "the nature and circumstances of the offense and the history and characteristics of the defendant." Defendant is a fifty-eight year old male. Though his four criminal history points place him in Category III, the two offenses of two points each involve driving offenses, one for driving on a suspended license, the other for driving after having been declared a habitual offender. (PSR, ¶¶47-48, page 12) No violence, drug trafficking or theft offenses are found in his background.

  9. Factors independent of the defendant's cooperation also support a sentence of probation. Mainly, these concern the defendant's ill health and that of his wife. The latter suffers from a number of medical problems, the most serious of which involves her liver. (PSR, page 9, ¶62) She has been waiting for a liver transplant since the time the defendant was first implicated in this case in 2019. The defendant himself has experienced kidney failure and Chronic Obstructive Pulmonary Disease, which requires him to use supplemental oxygen to assist

breathing. (PSR, page 16, §70)[2]  Despite these problems, the defendant continues to work at his job at a local country club, thereby supporting himself and his wife.

  10.  A period of probation would satisfy the "need for the sentence…to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense."  During this time, the defendant would be answerable to the U.S. Probation Office. Hhe would be subject to the jurisdiction of the Court, knowing that any infraction could lead to revocation of the probationary term, with incarceration to follow.  Such a term would at the same time provide deterrence specific to the defendant, operating as a disincentive to further criminal behavior.

  11.  A term of probation would also deter generally.  The case against the Afghan interpreters and its dismissal was widely reported in the local media.  The defendant's case is public, not sealed, so the defendant will remain an example for those who might consider becoming involved in a scheme to defraud the government, and the taxpayers who support it.  That can serve to deter others in the future in similar situations.

  14.  The defendant submits finally that, given the defendant's health problem and those of his wife, that the probationary term be without supervision.  Defendant has complied with all court orders since the time the case was brought, and cooperated even before that with the authorities investigating the scheme.  In the circumstances, it does not seem that active

---

[2] At the time of the PSR interview, the defendant reported that he used a portable pulsating oxygen unit (which he describes as producing oxygen) that did not work well for him.  Since then, he has begun using a large oxygen tank, which is large and cumbersome.  Its use prompted the parties jointly to move the Court, in a filing a motion to convert the sentencing hearing from in-person to remote. (ECF Doc. no. 46).  The Court granted the motion in its Order (ECF Doc. no. 47).

supervision is needed. The defendant would remain answerable to the Court were he to violate the law during the probationary period.

For these reasons, the defendant seeks a sentence of unsupervised probation.

This pleading is,

       Respectfully submitted,

          /s/

       NATHAN I. SILVER, II
       Unified Bar #944314
       6300 Orchid Drive
       Bethesda, MD 20817
       (301) 229-0189 (direct)
       (301) 229-3625 (fax)
       email: nisquire@aol.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Michael P. McCarthy, Esq., Fraud Section, Esq., U.S. Department of Justice, this 17th day of May, 2022.

         /s/
       _____
       *Nathan I. Silver, II*